IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MORAN INDUSTRIES, INC., | § § § | |
| Plaintiff, | § § § | |
| v. | § § | Case No. 10-CV-05959 |
| | § § | |
| TORQUE TECH, INC., and RONALD PATE, | § § § | |
| Defendants. | § § § | |

## UNOPPOSED MOTION TO ALLOW ATTENDANCE AT INITIAL CONFERENCE BY DEFENDANTS' COUNSEL BY TELEPHONE

Come now the Defendants' filing their Unopposed Motion to Allow Attendance at Initial Conference by Defendants' Counsel by Telephone, and state as follows:

1. The court's Initial conference is set for October 28, 2010 at 9:00 a.m.

2. Defendants request that the court permit the undersigned counsel to attend the Initial Conference by telephone.

3. In support of their motion, Defendants and their counsel state as follows:

    a. The parties have filed or will file their Agreed Joint Initial Status Report and Jurisdictional Status Report on or before October 26, 2010.

    b. While the parties disagree on certain points in the Joint Jurisdictional Status Report, Defendants will not contest jurisdiction and venue in this court.

    c. Defendants do not know of any initial issue in this case that calls for their counsel's attendance to the Initial Conference in person.

    d.    Defendants have advised the court of their financial circumstances, which are dire, and of the possible necessity to file a voluntary proceeding under the U. S. Bankruptcy Code, in Paragraph 15. of the parties' Joint Status Report.

    e.    The Defendants believe that the attendance of the undersigned counsel is reasonably believed to be an unnecessary expense at this stage of the lawsuit.

    f.    While the Defendants and the undersigned counsel will timely designate local counsel under Local Rule 83.15 (b), they have not had sufficient time to do so, and (2) the attendance of local counsel is likewise reasonably believed to be an unnecessary expense at this time.

    g.    Plaintiff does not oppose the above portion of the motion, per advice by its counsel on October 25, 2010.

    h.    Finally, the undersigned counsel will assume the duty and expense of providing for the telephone call if the court so orders.

4.    Alternatively, Defendants request that the Initial Conference be reset to a date following the thirty day period allowed for retaining local counsel under Local Rule 83.15 (b).

The parties have NOT discussed the alternative portion of this motion.

Wherefore, premises considered, Defendants pray that their motion be granted, and for such other and further relief as the court deems just.

Respectfully submitted,

Patrick F. Timmons, Jr.
Federal Bar No. 10007 (SD TX)
8556 Katy Freeway, Suite 120
Houston, Texas 77024-1806
Telephone: (713) 465-7638
Facsimile: (713) 465-9527

Attorney pro hac vice for the Defendants
Torque Tech, Inc., and Ronald Pate

Certificate

The foregoing Unopposed Motion to Allow Attendance by Defendants' Counsel by Telephone, was served electronically to Plaintiff's attorney of record on October 25, 2010.

*[signature]*